IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL V. PELLICANO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 11-406 |
| v. | : | |
| | : | |
| BLUE CROSS BLUE SHIELD ASSOCIATION, et al., | : | |
| | : | |
| Defendant. | : | |

## OPINION

Slomsky, J.                                                                                   February 8, 2012

## I. INTRODUCTION

Before the Court is a Motion to Dismiss filed by Defendants Blue Cross Blue Shield Association, CareFirst Blue Cross Blue Shield Maryland, and PA Blue Cross Blue Shield (collectively "Blue Cross Defendants"). (Doc. No. 6.) In the Complaint filed against these Defendants (Doc. No. 1), Plaintiff Michael V. Pellicano ("Plaintiff") alleges "egregious bad faith, fraud, negligence, and arbitrary and capricious actions," constituting a "breach of . . . fiduciary duties." The United States Office of Personnel Management ("OPM") is another named Defendant in this case. The claims of Plaintiff arise from Defendants' processing of his

1

application for medical equipment.[1] (Id.) Pursuant to M.D. Pa. Local Rule 73.1(d), the case was assigned to U.S. Magistrate Judge Martin C. Carlson and this Court. Magistrate Judge Carlson heard the instant Motion to Dismiss (Doc. No. 6) and has made a Report and Recommendation to this Court (Doc. No. 24).

Following a review of the filings by the parties, Judge Carlson issued a Report and Recommendation on August 11, 2011, recommending that Defendants' Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed as to the Blue Cross Defendants. (Doc. No. 24 at 12.) For reasons that follow, the Court will adopt Judge Carlson's recommendation and grant Defendants' Motion to Dismiss. Although Plaintiff's Objections to the Report and Recommendation will be granted in part and denied in part (Doc. No. 27), this ruling does not alter the fact that the Motion to Dismiss will be granted.

## II. PROCEDURAL BACKGROUND

On March 2, 2011, Plaintiff filed his Complaint. (Doc. No. 1.) On June 1, 2011, Blue Cross Defendants filed their Motion to Dismiss and Brief in Support of their Motion to Dismiss. (Doc. Nos. 6, 7.) On June 20, 2011, Plaintiff filed a Brief in Opposition to Defendants' Motion to Dismiss. (Doc. No. 12.) On July 6, 2011, Defendants filed a Reply Brief in Support of their Motion to Dismiss. (Doc. No. 13.) On July 22, 2011, Plaintiff filed a Response to Defendants' Reply Brief. (Doc. No. 17.) On August 11, 2011, Judge Carlson issued his Report and

---

[1] Prior to issuing this Opinion, the Court has considered the Complaint (Doc. No. 1), Blue Cross Defendants' Brief in Support of their Motion to Dismiss (Doc. No. 7), Plaintiff's Brief in Opposition (Doc. No. 12), Defendants' Reply Brief (Doc. No. 13), Plaintiff's Response to Defendants' Reply (Doc. No. 17), Magistrate Judge Martin C. Carlson's Report and Recommendation ("Report and Recommendation") (Doc. No. 24), Plaintiff's Objections to the Report and Recommendation ("Objections") (Doc. No. 27), and Defendants' Response to Plaintiff's Objections (Doc. No. 28).

Recommendation. (Doc. No. 24.) On August 30, 2011, Plaintiff filed his Objections to the Report and Recommendation. (Doc. No. 27.) On September 14, 2011, Defendants filed their Response to Plaintiff's Objections. (Doc. No. 28.)

## III. FACTUAL BACKGROUND

This case arises from a dispute regarding health care benefits provided under a federal employee health care services plan. Plaintiff is a retired federal employee who became disabled after suffering a spinal cord injury. (Doc. No. 1 at 37.) Plaintiff was enrolled in the Service Benefit Plan under the Federal Employee Program ("the Plan"). (See id. at 28.) Under the Plan, Blue Cross Defendants provided health care services to federal employees. In 2007, Plaintiff contacted Blue Cross Defendants' customer service office and requested a pre-service review of coverage for durable medical equipment. (Doc. No. 1 at 2.) From 2007 to 2010, Plaintiff encountered several obstacles in getting approval for coverage of this equipment. (Id. at 2-6.) On September 23, 2009, CareFirst BlueCross BlueShield ("CareFirst") finally notified Plaintiff that his request for coverage of durable medical equipment would be approved. (Id. at 53-55.) However, CareFirst would only cover 65% of the cost of the equipment, leaving Plaintiff responsible for the remaining cost. (Id.) Plaintiff appealed CareFirst's determination to OPM. (Id. at 56.) On February 22, 2010, after an administrative review, OPM sent Plaintiff a letter informing him of its concurrence with CareFirst's determination. (Id.)

On March 2, 2011, Plaintiff filed the Complaint, alleging "egregious bad faith, fraud, negligence, and arbitrary and capricious actions" as well as "breach of . . . fiduciary dut[y]" by OPM and Blue Cross Defendants. (Doc. No. 1 at 1.) Plaintiff seeks "compensation for emotional distress, punitive damages, and reimbursement for any expenses incurred by [him] in

3

pursuit of this action." (Id.) Blue Cross Defendants have moved to dismiss the Complaint, arguing that Plaintiff's claims against them are expressly preempted by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-14 (2007). (Doc. No. 28.)

As noted, on August 11, 2011, Judge Carlson issued a Report and Recommendation. He recommended that the Court grant Blue Cross Defendants' Motion to Dismiss. (Doc. No. 24.) On August 30, 2011, Plaintiff filed Objections to the Report and Recommendation. (Doc. No. 27.) On September 14, 2011, Blue Cross Defendants filed a Response to Plaintiff's Objections. (Doc. No. 28.) Plaintiff's Objections and Blue Cross Defendants' Response are considered here.

## IV. STANDARD OF REVIEW

### A. Motion to Dismiss

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) was clarified by the Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Iqbal made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Applying Iqbal and Twombly, the Third Circuit set forth a three-part analysis that a district court in this Circuit must apply when determining whether the allegations in a complaint will survive a 12(b)(6) motion to dismiss. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (applying the principles of Iqbal and formulating the 12(b)(6) analysis as a two-part test).

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to assumptions of truth." Finally, "where there are

4

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Santiago, 629 F.3d at 130 (quoting Iqbal, 129 S. Ct. at 1947, 1950). "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, No. 10-3539, 2011 WL 2044166, at *2 (3d Cir. May 26, 2011).

A complaint must go beyond merely alleging a plaintiff's entitlement to relief, it must also demonstrate that entitlement based on its facts. Fowler, 578 F.3d at 210-11 (citing Philips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950. The determination of "plausibility" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. In addition, when evaluating filings by *pro se* litigants, the court must be mindful that "[a] document filed *pro se* is 'to be liberally construed.'" Colon v. Rozum, No. 08-3180, 2009 WL 273214, at *3 (E.D. Pa. Jan. 30, 2009) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

B. <u>De Novo Review of Objections to Report and Recommendation by District Court</u>

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the local rules of court, a magistrate judge has authority to file proposed findings and recommendations. In response, a party may file written objections. 28 U.S.C. § 636(b)(1)(C) (2009). In the Middle District of Pennsylvania, Local Rule

5

72.3 covers objections to a magistrate judge's report and recommendation. Under the Rule, the petitioner is required to "specifically identify the portions of the [report and recommendation] to which objection is made and the basis for such objections." M.D. Pa. R. 72.3. The district court judge "shall [then] make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The Third Circuit has "assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

## V. DISCUSSION

Plaintiff asserts three objections to Judge Carlson's Report and Recommendation. (Doc. No. 27.) First, Plaintiff objects to the time-frame used by Judge Carlson for the events giving rise to Plaintiff's claims. (Id. at 1.) Second, Plaintiff objects to Judge Carlson's application of FEHBA to the claims made in the Complaint. (Id. at 1-2.) Third, Plaintiff objects to Judge Carlson's "recommendations with respect to 'failure to state a claim upon which relief can be granted.'" (Id. at 2-3.) For reasons stated below, the Court will adopt Judge Carlson's finding that the claims against Blue Cross Defendants are preempted by FEHBA. (Doc. No. 24 at 6-11.) Given this ruling on the preemption issue, Blue Cross Defendants are entitled to dismissal of the Complaint filed against them.

### A. Plaintiff's Objection to the Statement of Facts

Plaintiff first objects to Judge Carlson's statement of facts. (Doc. No. 27 at 1.) The Report and Recommendation found that "[P]laintiff's 57-page civil complaint details a

protracted, and often-frustrating, course of events spanning from 2007 through 2008, during which time Mr. Pellicano endeavored to secure approval from his health benefit plan to cover expenses associated with the acquisition of durable medical equipment." (Doc. No. 24 at 1.) Plaintiff objects to this time-frame and contends that the events giving rise to this litigation "spanned from November 2007 through 2010, over two years [sic]." (Doc. No. 27 at 1.)

Plaintiff's correction to Judge Carlson's time-frame is not substantive, and this claim of error is of no consequence to this Court's legal analysis and overall conclusion. To the extent Plaintiff's objection to the time-frame is correct, however, it will be considered for purposes of resolution of this matter and the objection will be sustained.

In Ryan v. United States, the district court ruled on objections to the magistrate judge's report, recommending that a prisoner's petition for a writ of habeas corpus be dismissed. No. 10-1425, 2010 WL 3516840, at *2 (M.D. Pa. Aug. 31, 2010). The district court overruled the petitioner's substantive objections, but sustained several objections by the petitioner that pertained to the case's factual background. Id. In Ryan, the petitioner objected to the magistrate judge's errors in numbering the counts filed against him and misstating the date on which his plea agreement was executed. Id. In sustaining these factual objections, the court stated, "[petitioner's] corrections [to the facts] are not substantive, and thus, these small factual errors are of no moment to our analysis and conclusion. However, to the extent that [the petitioner] is correct in his stated objections, these objections will be sustained." Id.

Similarly, here, Plaintiff objects to Judge Carlson's time-frame. (Doc. No. 27 at 1.) The years Judge Carlson relied on in ruling on the claims of Plaintiff does not affect this Court's analysis and conclusion. Accordingly, Plaintiff's first objection will be sustained to the extent

Judge Carlson's time-frame was incorrect.

### B. Plaintiff's Substantive Objections

#### 1. Plaintiff's Objection to the Application of FEHBA

Plaintiff also objects to Judge Carlson's application of FEHBA to Plaintiff's claims. (Doc. No. 27 at 1.) He argues that the Complaint does not challenge the claims process or the receipt of benefits, which Plaintiff concedes are controlled by FEHBA. (Doc. No. 12 at 4.) Instead, Plaintiff contends that his claims for negligence, fraud, and the infliction of emotional distress by Blue Cross Defendants are not preempted by FEHBA, and that Congress did not intend any such preemption. (Doc. No. 27 at 2.) The Court will overrule Plaintiff's second objection.

As Judge Carlson found in his Report and Recommendation, FEHBA expressly preempts any lawsuit by FEHBA enrollees against any health program provider such as Blue Cross Defendants:

> The terms of any contract under this chapter which relate to the nature, provision or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

5 U.S.C. § 8902(m)(1) (2011).

When an enrollee has a claim initially denied by the carrier, the enrollee may ask the carrier to reconsider the denial. FEHBA Filing Claims for Payment or Service, 5 C.F.R. § 890.105(a)(1). Once the carrier has reviewed and affirmed the denial, the enrollee may then ask OPM to review their claim. Id. Once OPM has rendered a decision, the enrollee may appeal that decision to a federal court, naming OPM as the sole defendant in those actions. FEHBA Court

Review, 5 C.F.R. § 890.107(c) ("[a] legal action to review final action by OPM involving such denial of health benefits *must be brought against OPM and not against the carrier or carrier's subcontractors.*" (emphasis added)). Courts have consistently interpreted the FEHBA statute and implementing regulations as preempting claims of breach of contract, breach of fiduciary trust, negligence, or fraud by FEHBA enrollees against carriers. E.g., Botsford v. Blue Cross and Blue Shield of Montana, 314 F.3d 390 (9th Cir. 2002) (fraud, negligence, and breach of contract claims preempted); Negron v. Patel, 6 F. Supp. 2d 366 (E.D. Pa. 1998) (negligence, breach of contract, breach of fiduciary duty, fraud and unfair trade practice claims preempted).

Plaintiff concedes that FEHBA preempts any claim against a carrier regarding denial of benefits. (Doc. No. 12 at 4.) However, he argues that his negligence, fraud, bad faith and breach of fiduciary duty claims arise from Blue Cross Defendants' handling of his claim, not their denial of benefits. (Id.; Doc. No. 27 at 2.) Plaintiff's argument fails because no court has found a distinction between denial of benefits and improper claim-processing availing. In fact, courts have rejected efforts by plaintiffs in similar situations from seeking relief in court against carriers based on a tort theory of liability. E.g., Burkey v. Govt. Employees Hosp. Ass'n, 983 F.2d 656, 660 (5th Cir. 1993) ("Tort claims arising out of the manner in which a benefit claim is handled are not separable from the terms of the contract that governs benefits."); Hayes v. Prudential Ins. Co. of America, 819 F.2d 921, 926 (9th Cir. 1987) (holding that no distinction may be made for purposes of preemption under FEBHA with regard to benefits-processing versus the "nature or extent of coverage or benefits."). Accordingly, Plaintiff's claims against Blue Cross Defendants must be dismissed because they are preempted by FEHBA.

2. Plaintiff's Objection With Respect to "Failure to State a Claim"

Finally, Plaintiff objects to Judge Carlson's conclusion that Plaintiff has "failed to state a claim upon which relief can be granted." (Doc. No. 27 at 2.) Plaintiff argues that, since he has a viable claim against OPM, he may also assert claims against Blue Cross Defendants. (Id.) Plaintiff's third objection will be overruled.

Plaintiff misconstrues Judge Carlson's finding that he can proceed with his claim against OPM. Pursuant to the implementing regulations of FEHBA, OPM is specifically designated as the sole defendant in an action where a FEHBA enrollee disputes the denial of benefits. 5 C.F.R. § 890.107(c). Plaintiff properly named OPM as a Defendant in his Complaint. (Doc. No. 1 at 1.) The fact that OPM remains a defendant does not open the door to suit against entities who by law may not be sued. Therefore, the Court concurs with Judge Carlson's conclusion that Plaintiff may proceed with his claims against OPM and not against Blue Cross Defendants.[2]

## VI. CONCLUSION

For the foregoing reasons, the Court will adopt and approve, with the modification noted herein in Section V Part A, Magistrate Judge Carlson's Report and Recommendation and grant Blue Cross Defendants' Motion to Dismiss. (Doc. No. 6.) Plaintiff's Complaint is therefore dismissed as to Blue Cross Defendants. An appropriate Order follows.

---

[2] OPM also has filed a Motion to Dismiss in this case, which has been referred to Magistrate Judge Carlson for a Report and Recommendation. (Doc. No. 32.)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL V. PELLICANO, | CIVIL ACTION |
| Plaintiff, | No. 11-406 |
| v. | |
| BLUE CROSS BLUE SHIELD ASSOCIATION, et al., | |
| Defendant. | |

## ORDER

AND NOW, this 8th day of February 2012, upon consideration of the Complaint (Doc. No. 1), the Motion to Dismiss of Blue Cross Blue Shield Association, CareFirst Blue Cross Blue Shield Maryland, and PA Blue Cross Blue Shield (collectively "Blue Cross Defendants") (Doc. No. 6), Blue Cross Defendants' Brief in Support of their Motion to Dismiss (Doc. No. 7), Plaintiff's Brief in Opposition (Doc. No. 12), Blue Cross Defendants' Reply Brief (Doc. No. 13), Plaintiff's Response to Defendants' Reply (Doc. No. 17), Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. No. 24), Plaintiff's Objections to the Report and Recommendation (Doc. No. 27), and Blue Cross Defendants' Response to Plaintiff's Objections (Doc. No. 28), it is ORDERED that:

1. The Report and Recommendation of Magistrate Judge Carlson is APPROVED. The Court agrees with the Report and Recommendation that Plaintiff has failed to state a cognizable claim against Blue Cross Defendants.

2. Plaintiff's Objections to the Report and Recommendation (Doc. No. 27) are

GRANTED IN PART and DENIED IN PART. The Court sustains Plaintiff's Objection to the time-frame of events giving rise to his claims, but denies his objections to the application of the Federal Employees Health Benefits Act to his claims and the finding that he failed to state a claim upon which relief can be granted.

3. The Complaint (Doc. No. 1) shall be DISMISSED as to Blue Cross Blue Shield Association, CareFirst Blue Cross Blue Shield Maryland, and PA Blue Cross Blue Shield only.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.