IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL V. PELLICANO | : | CIVIL ACTION |
| Plaintiff, | : | No. 11-406 |
| v. | : | |
| BLUE CROSS BLUE SHIELD ASSOCIATION, et al., | : | |
| Defendants. | : | |

**OPINION**

**Slomsky, J.**                                                                                                                        **May 18, 2012**

## I. INTRODUCTION

Before the Court is a Motion to Dismiss filed by the United States Office of Personnel Management ("OPM"). (Doc. No. 32.) In the Complaint filed against OPM (Doc. No. 1), Plaintiff Michael V. Pellicano ("Plaintiff") alleges "egregious bad faith, fraud, negligence, and arbitrary and capricious actions," constituting a "breach of fiduciary duties."[1] The claims of Plaintiff arise from the processing of his application for medical equipment and OPM's decision

---

[1] On June 1, 2011, several additional Defendants, Blue Cross Blue Shield Association, CareFirst Blue Cross Blue Shield Maryland, and PA Blue Cross Blue Shield (collectively "Blue Cross Defendants") filed a Motion to Dismiss. (Doc. No. 6.) On August 11, 2011, United States Magistrate Judge Martin C. Carlson issued a Report and Recommendation, recommending that the Court grant Blue Cross Defendants' Motion to Dismiss. (Doc. No. 24.) On February, 8, 2012, this Court approved Judge Carlson's Report and Recommendation and granted in part and denied in part Blue Cross Defendants' Motion to Dismiss. (Doc. No. 37.) On the same day, the Court entered an Order dismissing Blue Cross Defendants from this case. (Id.) Therefore, the only remaining Defendant is the United States Office of Personnel Management ("OPM").

1

to affirm the partial denial of health benefits to Plaintiff.[2] (Id.) Pursuant to Middle District of Pennsylvania Local Rule 73.1(d), the case was assigned to U.S. Magistrate Judge Martin C. Carlson and this Court. Magistrate Judge Carlson heard the instant Motion to Dismiss filed by OPM (Doc. No. 32) and has made a Report and Recommendation to this Court (Doc. No. 39). Judge Carlson recommends that OPM's Motion to Dismiss be granted and Plaintiff's Motion for Default Judgment be denied. (Doc. No. 39 at 19.) For reasons that follow, the Court will adopt and follow Judge Carlson's recommendation, grant OPM's Motion to Dismiss, and deny Plaintiff's Motion for Default Judgment.

## II. PROCEDURAL BACKGROUND

On March 2, 2011, Plaintiff filed the Complaint. (Doc. No. 1.) On July 22, 2011, Plaintiff filed a Motion for Default Judgment as to Defendant OPM pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2). (Doc No. 16.) On July 25, 2011, Judge Carlson issued an Order to show cause why default judgment should not be entered against OPM. (Doc. No. 19.) On August 8, 2011, Defendant OPM filed a Response to the Order to Show Cause. (Doc. No. 22.) On November 28, 2011, Defendant OPM filed a Motion to Dismiss and a Brief in Support of the Motion to Dismiss. (Doc. Nos. 32, 33.) On December 13, 2011, Plaintiff filed a Brief in Opposition to Defendant OPM's Motion to Dismiss. (Doc. No. 35.) On December 15, 2011,

---

[2] Prior to issuing this Opinion, the Court has considered the Complaint (Doc. No. 1), Plaintiff's Motion for Default Judgment (Doc. No. 16), OPM's Response to Plaintiff's Motion for Default Judgment (Doc. No. 22), OPM's Motion to Dismiss and its Brief in Support of the Motion to Dismiss (Doc. Nos. 32, 33), Plaintiff's Brief in Opposition (Doc. No. 35), OPM's Reply Brief (Doc. No. 36), Magistrate Judge Martin C. Carlson's Report and Recommendation ("Report and Recommendation") (Doc. No. 39), Plaintiff's Objections to the Report and Recommendation ("Objections") (Doc. No. 41), and OPM's Response in Opposition to Plaintiff's Objections (Doc. No. 43.)

2

OPM filed a Reply Brief in Support of the Motion to Dismiss. (Doc. No. 36.) On February 14, 2012, Judge Carlson issued the Report and Recommendation. (Doc. No. 39.) On February 29, 2012, Plaintiff filed Objections to the Report and Recommendation. (Doc. No. 41.) On March 14, 2012, OPM filed a Brief in Opposition to [Plaintiff's] Objections to the Report and Recommendation (Doc. No. 43.)

## III. FACTUAL BACKGROUND

This action arises from the denial of health care benefits provided under a federal employee health care services plan. Plaintiff is a retired federal employee. Pursuant to the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-14 (2007), he was enrolled in a health benefits plan (the "Plan"). Plaintiff became disabled after suffering a spinal cord injury. (Doc. No. 1 at 37.) Under the Plan, Blue Cross Blue Shield Association, CareFirst Blue Cross Blue Shield Maryland, and PA Blue Cross Blue Shield (collectively "Blue Cross Defendants") provided health care services to Plaintiff.

From 2007 to 2010, Plaintiff sought coverage for his durable medical equipment. The terms of the coverage seemed to be confusing to Plaintiff. (Doc. No. 1 at 2-6). In 2007, Plaintiff contacted Blue Cross Defendants' customer service office and requested a pre-service review of coverage for certain durable medical equipment. (Id. at 2.) On September 23, 2009, CareFirst BlueCross BlueShield ("CareFirst") notified Plaintiff that his request for coverage of durable medical equipment would be approved, but only 65% of the cost of the equipment would be covered. (Id. at 53-55.) Plaintiff appealed CareFirst's determination to OPM. (Id. at 56.) On February 22, 2010, after an administrative review, OPM sent Plaintiff a letter informing him of its concurrence with CareFirst's determination. (Id.)

On March 2, 2011, Plaintiff filed the instant Complaint, alleging "egregious bad faith, fraud, negligence, and arbitrary and capricious actions" which constituted a "breach of fiduciary dut[y]" by OPM and Blue Cross Defendants.[3] (Doc. No. 1 at 1.) Plaintiff requests "compensation for emotional distress, punitive damages, and reimbursement for any expenses incurred by [him] in pursuit of this action." (Id.)

On July 22, 2011, Plaintiff moved for default judgment alleging that OPM failed to timely respond to his complaint. (Doc. No. 16.) On November 28, 2011, OPM moved to dismiss the Complaint, arguing that Plaintiff's state law claims are preempted by FEHBA. (Doc. No. 33 at 6.)

As noted, on February 14, 2012, Judge Carlson issued a Report and Recommendation. He recommended that the Court grant OPM's Motion to Dismiss. (Doc. No. 39.) The Report and Recommendation also addressed Plaintiff's Motion for Default Judgment alleging that OPM failed to timely respond to Plaintiff's Complaint. (Doc. No. 39 at 18.) Judge Carlson recommended that this Court deny Plaintiff's Motion for Default Judgment. (Id. at 19.) On February 29, 2012, Plaintiff filed Objections to the Report and Recommendation. (Doc. No. 41.) Plaintiff's Objections are considered here.

## IV. DISCUSSION

Plaintiff asserts two objections to Judge Carlson's Report and Recommendation. (Doc. No. 41.) First, Plaintiff objects to Judge Carlson's "recommendations with respect to 'failure to state a claim upon which relief can be granted.'" (Id. at 4-7.) Second, Plaintiff objects to Judge Carlson's application of FEHBA to the claims made in the Complaint. (Id. at 2-4.) For the

---

[3] As noted previously, Blue Cross Defendants already have been dismissed from this case.

4

reasons stated below, the Court will adopt Judge Carlson's finding that the claims against OPM were preempted by FEHBA. (Doc. No. 39 at 9-16.) Consequently, OPM is entitled to dismissal of the Complaint.

Additionally, this Court has considered Plaintiff's Motion for Default Judgment and will adopt Judge Carlson's finding that Plaintiff failed to properly serve the United States pursuant to Federal Rule of Civil Procedure 4(i), and once service was completed, OPM responded in a timely manner. Therefore, Plaintiff's Motion for Default Judgment will be denied.

### A. De Novo Review of Objections to Report and Recommendations

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the local rules of court, "a judge may . . . designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations . . . ." In response, 28 U.S.C. § 636(b)(1)(C) permits a party to file written objections to the magistrate's proposed findings and recommendations. In the Middle District of Pennsylvania, Local Rule 72.3 governs objections to a magistrate judge's report and recommendation. Rule 72.3 requires petitioner to "specifically identify the portions of the [report and recommendation] to which objection is made and the basis for such objections."

When ruling on objections to the Report and Recommendation, a district court judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. . . . [The judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Third Circuit has "assumed that the normal practice of the district

judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

### 1. Plaintiff's First Objection: "Failure to State a Claim"

Plaintiff objects to Judge Carlson's finding that Plaintiff failed to state a claim upon which relief can be granted. (Doc. No. 41 at 6.) Plaintiff argues that he has provided sufficient factual allegations to establish a plausible claim against OPM. (Doc. No. 41 at 5-6.) Plaintiff's objection will be overruled.

When a party has failed to "specifically object to any of the [Report and Recommendation's] findings, or identify the basis for any such objection," as required by Local Rule 72.3, a court is not required to address those objections. Reid v. Lawler, No. 08-5674, 2010 WL 1186320, at *3 (E.D. Pa. Mar. 25, 2010). Likewise, when "[t]he issues raised by . . . [the party's] earlier submission were already considered and rejected in the [Report and Recommendation] . . . they need not be addressed again." Reid, 2010 WL 1186320, at *3 (citing Norton v. Coleman, No. 09-1751, 2010 WL 290517, at *1 (E.D. Pa. Jan. 21, 2010)).

Here, Plaintiff's first objection is not an objection. Instead, he merely repeats the allegations asserted in the Complaint and states he "provided more than sufficient factual allegations to raise his claims . . . ." (Doc. No. 41 at 5.) In the first objection, Plaintiff has failed to specifically object to any of Judge Carlson's findings, or identify the basis for his objection. The issues raised in Plaintiff's first objection were already considered and rejected in Judge Carlson's Report and Recommendation. Therefore, this Court is not required to consider this "objection."

Even if the Court were to consider Plaintiff's argument in his first "objection" that he has alleged facts establishing a viable claim, the factual allegations are insufficient to survive a motion to dismiss. When considering whether a complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," the court must accept as true all allegations in the complaint. Fed. R. Civ. P. 12(b)(6); Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). All reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Id.

However, merely alleging a plaintiff's entitlement to relief will not suffice. The complaint must also demonstrate that entitlement is based on facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court held that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949. The Supreme Court has made clear that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Applying Iqbal and Twombly, the Third Circuit set forth a three-part analysis that a district court must apply when determining whether the allegations in a complaint will survive a motion to dismiss. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (applying the principles of Iqbal and formulating the 12(b)(6) analysis as a two-part test).
> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more

7

> than conclusions, are not entitled to assumptions of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago, 629 F.3d at 130 (quoting Iqbal, 129 S. Ct. at 1947, 1950). "This means that our inquiry is normally broken into three parts: 1) identifying the elements of the claim, 2) reviewing the complaint to strike conclusory allegations, and then 3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, No. 10-3539, 2011 WL 2044166, at *2 (3d Cir. May 26, 2011).

In addition, when evaluating filings by *pro se* litigants, the court must be mindful that "[a] document filed *pro se* is 'to be liberally construed.'" Colon v. Rozum, No. 08-3180, 2009 WL 273214, at *3 (E.D. Pa. Jan. 30 2009) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Here, Plaintiff failed to allege facts that support a viable cause of action. Mere conclusory statements that the conduct of OPM reflected "egregious bad faith, fraud, negligence, and arbitrary and capricious actions," which constituted a "breach of it's fiduciary duties," do not rise to the level needed to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Iqbal, 129 S. Ct. at 1949. Plaintiff instead must allege specific facts showing that wrongful acts were committed by OPM. Plaintiff, however, has failed to proffer any factual allegations that would demonstrate such a breach of fiduciary duties. For these reasons, Plaintiff's first objection will be denied.

## 2. Plaintiff's Second Objection: The Application of FEHBA to His Claims

Plaintiff also objects to Judge Carlson's application of FEHBA to his claims. (Doc. No. 41 at 2.) Plaintiff argues that his bad faith insurance claims are not controlled or preempted by

8

FEHBA because they do not relate to the nature or extent of FEHBA coverage or benefits. Further, Plaintiff claims that he does not seek to recover any benefits. (Doc No. 41 at 2-3.) The Court will deny Plaintiff's second objection.

FEHBA establishes a comprehensive program of health insurance for federal employees. 5 U.S.C. §§ 8901-14 (2007). FEHBA authorizes the Office of Personnel Management (OPM) to contract with private carriers to offer federal employees healthcare plans. 5 U.S.C. § 8902(a). See also Empire HealthChoice Assur., Inc. v. McVeigh, 547 U.S. 677, 682 (2006).

FEHBA contains a preemption clause that displaces state law on issues relating to coverage or benefits under healthcare plans. 5 U.S.C. § 8902(m)(1); McVeigh, 547 U.S. at 679-80. The provision provides:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

5 U.S.C. § 8902(m)(1) (2011).

Courts have found that FEHBA enrollees bringing breach of contract, breach of fiduciary trust, tort, negligence or fraud claims are preempted by 5 U.S.C. § 8902 (m)(1). E.g., Botsford v. Blue Cross and Blue Shield of Montana, Inc., 314 F.3d 390 (9th Cir. 2002) (fraud, negligence, and breach of contract claims preempted); Negron v. Patel, 6 F. Supp. 2d 366 (E.D. Pa. 1998) (negligence, breach of contract, breach of fiduciary duty, fraud, and unfair trade practice claims preempted).

Here, Plaintiff asserts breach of fiduciary duty, bad faith, fraud, and negligence claims. These are precisely the claims that are preempted by FEHBA.[4]

Even if Plaintiff could state a claim upon which relief could be granted, the damages he seeks are unavailable here. Plaintiff concedes that he is not seeking to recover any benefits, but rather is seeking compensation for emotional distress, punitive damages, and reimbursement for expenses. (Doc. No. 41 at 3.) However, while FEHBA permits aggrieved enrollees to seek judicial review of OPM's final decision in federal court, the relief that may be granted is limited to "a court order directing OPM to require the carrier to pay the amount of benefits in dispute." 5 C.F.R. § 890.107(c). Therefore, Plaintiff's damage request is outside the scope of authorized relief under FEHBA.[5] See id. Accordingly, Plaintiff's claims are preempted by FEHBA and will be dismissed.

---

[4] Plaintiff attempts to circumvent FEHBA preemption by highlighting the subtle distinction between claims arising from coverage decisions and those arising from the improper processing of claims. (Doc. No. 35 at 2-3.) Plaintiff argues his negligence, fraud, bad faith, and breach of fiduciary duty claims arise from OPM's "inadequate and improper claims processing review procedures," not their denial of benefits. (Doc. No. 39 at 13.) Accordingly, Plaintiff contends his claims are not preempted.

Courts have consistently rejected efforts by plaintiffs to draw this same distinction as an attempt to avoid FEHBA preemption and recover in court against insurance carriers. In Burkey v. Govt. Employees Hosp. Ass'n, 983 F.2d 656 (5th Cir. 1993), the court stated "[t]ort claims arising out of the manner in which a benefit claim is handled are not separable from the terms of the contract that governs benefits." Id. at 660. See also Hayes v. Prudential Ins. Co. of America, 819 F.2d 921, 926 (9th Cir. 1987) (holding that no distinction may be made for purposes of preemption under FEHBA with regard to benefits-processing versus the "nature or extent of coverage or benefits."). Likewise, Plaintiff's attempt to draw this distinction is ineffective.

[5] Considerations of sovereign immunity also bar this Court's consideration of this claim. (Doc. No. 39 at 15-16.) "Congress clearly intended a limited waiver of sovereign immunity in [FEHBA] disputes - courts only have jurisdiction to review final actions, after exhaustion, and only one remedy is available." Bryan v. Office of Personnel Mgmt., 165 F.3d 1315, 1318-19 (10th Cir. 1999). Plaintiff seeks a remedy beyond that permissible under the government's limited waiver of sovereign immunity. Id. at 1319.

10

B. Plaintiff's Motion for Entry of Default

The Court also agrees with Judge Carlson's finding that service by Plaintiff was improper and, for this reason, Plaintiff's Motion for Default Judgment will be denied.[6] On July 22, 2011, Plaintiff filed a Motion for Default Judgment alleging that OPM failed to timely respond to the Complaint. (Doc. No. 16.) In response, OPM contends that service of the Complaint was improper because Plaintiff failed to serve a copy of the Complaint upon the United States Attorney pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. (Doc. No. 22 at 3.)

Federal Rule of Civil Procedure 55 requires that a default judgment be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). However, where service of a complaint is improper, a default judgment "is void and should be set aside." Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985).

To effectuate service upon an agency of the United States, a party must serve the United States in accordance with Federal Rule of Civil Procedure 4(i)(1)-(2). Fed. R. Civ. P. 4(i)(1)-(2). Under this Rule, a party serving a federal agency must: 1) deliver a copy of the summons and complaint to the United States Attorney for the district in which the action is brought; 2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the

---

[6] Plaintiff does not specifically object to Judge Carlson's finding that Plaintiff's Motion for Default Judgment should be denied. However, it is the district court's usual practice to "afford some level of review to dispositive legal issues raised in the report . . . ." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). Therefore, this Court will give reasoned consideration to the magistrate's report before adopting it. Id.

11

United States in Washington, D.C.; and 3) send a copy of the summons and complaint by registered or certified mail to the named agency or officer. Fed. R. Civ. P. 4(i)(1).

On May 13, 2011, OPM was served with a copy of the Summons and Complaint. (Doc. No. 16 at 1.) On July 22, 2011, Plaintiff filed a Motion for Default Judgment claiming that OPM failed to timely respond to his Complaint. (Doc. No. 16.) However, Plaintiff failed to serve a copy of the Summons and Complaint upon the United States as required by Federal Rule of Civil Procedure 4(i)(1). Therefore, Plaintiff did not perfect service because he failed to serve all parties in accordance with Rule 4(i)(1). Once the Complaint was properly served, OPM timely filed its Response.[7] Accordingly, Plaintiff's Motion for Default Judgment will be denied.

## V. CONCLUSION

For the foregoing reasons, the Court will adopt and approve Magistrate Judge Carlson's Report and Recommendation and grant Defendant OPM's Motion to Dismiss. (Doc. No. 32.) An appropriate Order follows.

---

[7] As noted, a plaintiff asserting claims against a federal agency must serve 1) the United States Attorney, 2) the United States Attorney General, and 3) the federal agency against which the claim is asserted. Fed. R. Civ. P. 4(i)(1)-(2). After service has been properly executed, a federal agency sued in its official capacity must respond to a complaint within 60 days. Fed. R. Civ. P. 12(a)(2).

Here, Plaintiff did not perfect service until he served the United States Attorney's Office with the Complaint on August 24, 2011. Accordingly, Defendant OPM had until October 24, 2011 to file its response. On October 17, 2011, one week before the deadline to file its responsive pleading, Defendant OPM filed a Motion for an Extension of Time to Respond. (Doc. No. 29.) Judge Carlson granted the Motion, extending Defendant OPM's time to respond to November 28, 2011. Defendant OPM timely filed the Motion to Dismiss (Doc. No. 12) on November 28, 2011.

12

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL V. PELLICANO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 11-406 |
| v. | : | |
| BLUE CROSS BLUE SHIELD ASSOCIATION, et al., | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 18th day of May 2012, upon consideration of the Complaint (Doc. No. 1), Plaintiff's Motion for Default Judgment as to Defendant United States Office of Personnel Management ("Defendant OPM") (Doc No. 16), the Response in Opposition of Defendant OPM to Default Judgment Being Entered (Doc. No. 22), the Motion to Dismiss of Defendant OPM and Brief in Support of the Motion (Doc. Nos. 32, 33), Plaintiff's Brief in Opposition to Defendant OPM's Motion to Dismiss (Doc. No. 35), the Reply Brief in Support of Defendant OPM's Motion to Dismiss (Doc. No. 36), the Report and Recommendation of United States Magistrate Judge Martin C. Carlson (Doc. No. 39), Plaintiff's Objections to the Report and Recommendation (Doc. No. 41), and Defendant OPM's Brief in Opposition to Plaintiff's Objections (Doc. No. 43) and for reasons stated in the Court's Opinion on this date, it is ORDERED that:

1. The Report and Recommendation of Magistrate Judge Carlson (Doc. No. 39) is APPROVED. The Court agrees with the Report and Recommendation that Plaintiff has failed to

state a cognizable claim against Defendant OPM and has not shown that default judgment should be entered against Defendant OPM.

2. The Motion to Dismiss of Defendant OPM (Doc. No. 32) is GRANTED.

3. The Complaint (Doc. No. 1) shall be DISMISSED as to Defendant OPM.

4. Plaintiff's Motion for Default Judgment as to Defendant OPM (Doc. No. 16) is DENIED.

5. Plaintiff's Objections to the Report and Recommendation (Doc. No. 41) are DENIED.

6. In view of the fact that Defendant OPM is the only remaining Defendant in the above-captioned case, the Clerk of Court shall close the case.

BY THE COURT:

JOEL H. SLOMSKY, J.